## DURDEN *vs.* McWILLIAMS.

[TRIAL OF RIGHT OF PROPERTY IN SLAVE.]

1. *Competency of defendant in execution as witness for plaintiff.*—Under the Code, (§ 2302,) the defendant in execution is a competent witness for the plaintiff, on a trial of the right of property.

·23

2. *Statute of frauds as to three years possession of personal property.* Section 1295 of the Code, as to three years possession of personal property under a loan, being a re-enactment of the former statute, (Clay's Digest, 255, ₰ 2,) is not confined in its operation to possessions commenced or continued for three years since the Code went into effect; consequently, to enable a creditor of the loanee to subject the property to the payment of his debt, it is not necessary that he should show three years continuous possession before the Code went into effect, or three years continuous possession since that time.

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. A. A. COLEMAN.

THIS was a trial of the right of property in a slave, between Alex. K. McWilliams, plaintiff in execution against Washington L. Durden, and Gilly Durden as claimant. The plaintiff's judgment was rendered on the 14th April, 1854; an execution, issued thereon, was levied on the slave here in controversy on the 2d August, 1854; and a claim to the slave was interposed by Mrs. Gilly Durden on the same day. The case was before this court at its June term, 1857, when the judgment of the circuit court was reversed, and the cause remanded.—See 31 Ala. 206. The facts disclosed on the second trial, and the rulings of the circuit court thereon, are thus stated in the bill of exceptions:

"The plaintiff offered in evidence his judgment against the defendant in execution, rendered on the 14th April, 1854, together with the note on which said judgment was founded, given by said defendant on the 17th February, 1853; proved the issue of execution on said judgment, and its levy on the slave Jim, here in controversy, in August, 1854; introduced proof tending to show possession of said slave by said defendant in execution at the time of the levy, and then closed. The claimant then introduced evidence tending to show, that she raised said slave, and owned him in 1849; that she let said defendant in execution, in 1849, have the labor of said slave, reserving to herself the right to resume the possession when she pleased; that the slave returned to her

possession every christmas afterwards; and that she re-sumed absolute control and possession of said, slave in February, 1854, and kept him as hers until the levy of plaintiff's execution. There was evidence, also, tending to show that said defendant in execution hired out said slave in 1850, worked him on his farm in 1851 and 1852, and hired him out again in 1852 and 1853. The plaintiff then offered the defendant in execution as a witness. The claimant objected to his competency. The court overruled the objection, and permitted him to testify; and the claimant excepted.

"The claimant asked the court to charge the jury as follows: 'That in considering the question of three years possession by the defendant in execution, if they find that he had not acquired three years continuous posses-sion up to the 17th January, 1853, then they will consider whether he has had three years continuous possession since said 17th January, 1853; and if they find that he did not have three years continuous possession prior to the 17th January, 1853, and has not had three years con-tinuous possession since that time, then they cannot find for the plaintiff, on the ground that the defendant in exe-cution had had three years continuous possession of said slave, and that the plaintiff's debt was contracted with him on the faith of that possession.' The court refused to give this charge, and the claimant excepted."

The rulings of the court to which, as above stated, ex-ceptions were reserved, are now assigned as error.

ELMORE & YANCEY, for the appellant.

WATTS, JUDGE & JACKSON, contra.

R. W. WALKER, J.—Under the Code, (§ 2302,) it is not a sufficient reason for excluding a witness, that the effect of a judgment in favor of the party who introduces him would be to place him in a state of security. His competency depends upon the question, whether the ver-dict and judgment would be evidence for him in another suit; and the test whether they would be evidence for him, is the inquiry, would they be evidence against him,

if adverse to the party introducing him? In other words, the witness is competent, unless the verdict and judgment would be evidence for or against him in another suit, according as they may be for or against the party calling him.—Blakey v. Blakey, 33 Ala. 618, and cases cited. As a judgment in favor of the claimant would, as to the defendant in execution, be *res inter alios acta*, and, therefore, could not in any subsequent suit be evidence against him, he was not incompetent.

2. It is not necessary that we should determine, whether there may not be, in some respects, a difference between the provisions of the act of 1803, (Clay's Dig. 255, § 2,) and sections 1294–5 of the Code, regulating the rights of creditors and purchasers of loanees who are suffered to retain possession of personal property for three years. For, however this may be, there is no doubt that the provision which is made in section 1295 of the Code, was fully embraced by the act of 1803. This section, therefore, simply continues in force a principle embodied in, and is, to that extent, a re-enactment, rather than a repeal of, the former statute. Hence, it is not to be confined in its operation to possessions commenced or continued for three years after the Code went into effect, but applies as well to cases in which the three years possession by the loanee is made up in part of time which elapsed before, and in part of time which elapsed after, the Code went into operation.

Judgment affirmed.